UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.   05-459 (RBW) |
| v. | : | |
| | : | |
| ALEX LNU, | : | |
| | : | |
| a.k.a., Ricardo Romero-Martinez, | : | |
| King Kong, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct on the part of the defendant which is relevant to defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") .  In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

1.      The defendant is charged in a two count indictment with Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States, in violation of 18 U.S.C. § 1546(a), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c)(7).

2.      At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows: On July 27, 2005, an undercover agent (UC) from Immigration and Customs Enforcement (ICE) entered the xxxxxxxxxxxxxxxxxxxx, Washington, DC, for the purpose of purchasing a fraudulent "green card" and social security

card. At approximately 2:50 pm, the UC made contact with two unidentified Hispanic males (UMs) who offered to assist the UC in obtaining these fraudulent documents. The two UMs introduced the UC to the defendant, who was standing at a booth near the Combinacion Restaurant located in the xxxxxxxxxxxxxxxxxxxx. The defendant then instructed the two UMs to take the UC around the corner to "Lee Brothers" in order to have the UC's photograph taken for use in making the fraudulent documents. The UC paid for the photographs and wrote down a false name of Kolawole Ajao Bankole, along with a false date of birth.

      The UC then went back to the Combinacion Restaurant where he met with the defendant. The defendant then asked the UC if he had a social security number, and the UC responded in the negative. The defendant stated that he would provide the UC with a social security number. The UC then provided to the defendant the photographs, along with a false name and date of birth. The defendant gave the UC his cellular telephone number and told the UC to return the following day to pick up the documents. The UC then paid the two UMs $5.00 each for their assistance. The above-referenced encounter was recorded on video and audio tape.

      On July 28, 2005, at approximately 4:55 pm, the UC returned to the xxxxxxxxxxxxxxx, and entered the Combinacion Restaurant. The UC met with the defendant inside the restaurant, at which time the defendant handed the UC a fraudulent social security card and green card bearing the name of Kolawole Ajao Bankole. In return, the UC provided the defendant with $80 in U.S. currency. This encounter was partially captured on videotape.

      3.     In this case, the government seeks to introduce evidence of the defendant's previous possession of fraudulent identification documents. Specifically, the government intends

to introduce evidence of the facts and circumstances related to the following incident and conviction:

      a. Defendant's conviction on August 27, 1998, in the United States District Court for the Central District of California for Possession of False Identification Documents. The defendant was sentenced to a period of incarceration of 18 months and three years of supervised release.

The aforementioned prior offense provides proof in this case that the defendant's possession of the fraudulent documents on July 27th and 28, 2005, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[1]

4.      Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the

---

[1] The Government will provide discovery to defense counsel regarding the aforementioned conviction.

evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

5.  As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

6. In the instant case, the government must prove that the defendant knowingly possessed, used, uttered, etc., the documents seized in this case. In addition, the government must prove that the defendant knew that these documents were forged, counterfeit, altered, or otherwise obtained or procured fraudulently or unlawfully. See Ninth Circuit Model Criminal Jury Instruction. Therefore, the government's burden of proving knowledge, lack of mistake or accident, and intent is substantial, and is directly addressed by the proffered evidence.

"As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." United States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing Huddleston, 485 U.S. at 685) (emphasis added in Clarke). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e. prior possession of fraudulent identity documents to prove knowledge, intent, and absence of mistake regarding current possession of such documents, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in Crowder, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The Court in Crowder stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession. See Fed.R.Evid. 401, advisory committee notes.

Id. at 1209 n. 5. The government seeks to do nothing more in the instant case – i.e., to show the defendant's intent, knowledge, or absence of mistake with respect to the documents he possessed

and sold to the UC.  Id.  This reasoning has recently been reaffirmed in the D.C. Circuit's decision in United States v. Garner, 396 F.3d 438, 442-445 (D.C. Cir. 2005).

The "other crimes" evidence described above is highly probative of the defendant's knowing possession and/or use of the fraudulent documents in this case.  Moreover, this evidence is also probative in showing that the defendant's possession of these documents was not the result of mistake or accident.  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

7.      It is well settled that past acts involving fraud and use of fraudulent documents are admissible as 404(b) evidence in cases where fraudulent conduct is charged.  See United States v. Southwest Bus Sales, Inc., 20 F.3d 1449, 1456 (8th Cir, 1994) (holding that evidence of prior price fixing conspiracy involving the same falsification of documents and signatures as was involved in the charged mail fraud count was relevant to intent, motive, and lack of mistake); United States v. Cassiere, 4 F.3d 1006, 1022 (1st Cir. 1993) (evidence of prior uncharged fraudulent land transactions relevant to defendants' knowledge and intent regarding fraudulent nature of land transactions charged in wire fraud conspiracy); United States v. Khan, 969 F.2d 218, 222-223 (6th Cir. 1992) (in mail fraud scheme to defraud life insurance companies by filing false documents of co-defendant's death, court held that uncharged conduct consisting of defendants' filing of a false application with the Social Security Administration to obtain survivor benefits was admissible under Rule 404(b) as evidence of defendants' knowledge and absence of mistake or ignorance); United States v. Schardar, 850 F.2d 1457, 1462-63 (11th Cir.

1988) (testimony of subsequent uncharged conduct involving the defendant's creation and use of false bills of lading was relevant to prove defendant's intent with regard to alleged falsification of documents charged in the indictment).

Here, the proffered evidence of other crimes bears a close relationship to the offenses charged. The proffered evidence will clearly demonstrate among other things, the defendant's intent, motive, knowledge, and the absence of mistake.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058


_____
STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
FEDERAL MAJOR CRIMES SECTION
(202) 307-0031

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Motion to Admit Other Crimes Evidence Pursuant Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant, Tony Axam, Esquire, this 8th day of February, 2006.

_____
STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY