UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.   05-459 (RBW) |
| v. | : | |
| | : | |
| ALEX LNU, | : | |
| | : | |
| a.k.a., Ricardo Romero-Martinez, | : | |
| King Kong, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE  609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609, and hereby moves the Court to admit such evidence of prior convictions.  In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion:

**I. Background.**

1. The defendant is charged in a two count indictment with Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States, in violation of 18 U.S.C. § 1546(a), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c)(7). Defendant has been previously convicted of the following offenses:

      a.      the felony offense of Possession of False Identification Documents, in the United States District Court for the Central District of California on August 27, 1998, for which he was sentenced to 18 months of imprisonment and three years of supervised release.

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). The aforementioned offense for which the defendant has been convicted was punishable by more than one year of imprisonment. In addition, this conviction was entered within the last ten years. This Court should permit the use of this conviction to impeach the defendant because the probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions have some probative value on the issue of credibility." Id. at 1062. The charges in this case arose from the defendant selling a fraudulent "green card" and social security card to an undercover agent from Immigration and Customs Enforcement (ICE). The government will need to prove that the defendant knowingly possessed and/or uttered these documents, and that he knew these documents were fraudulent. Accordingly, should he choose to testify, the defendant's credibility concerning whether he had possession and knowledge of these documents will be a central issue. The probative value of the conviction, therefore, is quite high, and evidences a conscious disrespect for the law and consequently for the oath and judicial proceedings over an extended period of time.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how

much?". Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). This case presents a similar issue to that confronted by the court in Lewis, to wit, the defendant's prior conviction for the same or similar offense to the one charged in the instant indictment. In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. The defendant's conviction is certainly probative on the defendant's credibility.

**III. Fed. R. Evid. 609(b).**

4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, as stated above, the defendant's conviction satisfies this temporal requirement. Thus, the conviction may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes, and hereby moves the Court to admit such evidence of prior conviction.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    BAR NO. 451058

    _____
    STEVEN B. WASSERMAN
    ASSISTANT UNITED STATES ATTORNEY
    D.C. BAR NO. 453-251
    NARCOTICS SECTION
    (202) 307-0031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 is to be served upon counsel for the defendant, Tony Axam, Esquire, this 8th day of February, 2006.

    _____
    STEVEN B. WASSERMAN
    ASSISTANT UNITED STATES ATTORNEY