

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

**FILED**

APR 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 13, 2006

<u>By facsimile transmission to 202-208-7515</u>

Tony Axam, AFPD
625 Indiana Avenue, NW
Washington, D.C. 20004

                Re: <u>U.S. v. Ricardo Romero-Martinez</u>, 05-459

Dear Mr. Axam:

      This letter sets forth the plea agreement this Office is willing to enter into with your client, Ricardo Romero-Martinez (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

      1. **Charges**. Your client agrees to plead guilty to Count Two of the indictment charging Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

      2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft carries a mandatory sentence of two (2) years imprisonment, a maximum fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), and a period of supervised release of not more than one year, 18 U.S.C. § 3583(b)(3). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

      3. **Additional charges**. If the defendant fulfills all obligations under this plea agreement, then in exchange for the defendant's guilty plea, as described in paragraph 1 above, the government agrees that it will dismiss at sentencing the remaining charges in the indictment pending against him in this case.

      With regard to any charges that will be dismissed subsequent to your client's sentencing pursuant to this agreement, your client acknowledges and agrees that such charges are based in fact and the dismissal of such charges is solely a part of the consideration for this agreement and for no other reason and provides your client with no basis to claim "prevailing party" status under the "Hyde Amendment," P. L. 105-119 (1997). Further, your client specifically agrees not to file any

claim under that law.

    4. **Release/Detention and Actions Pending Sentencing.** Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case. Prior to his guilty plea, the defendant further agrees to provide, or to give consent to obtain, any and all false identification documents, materials, devices and computers used to make such documents and materials which are or were in his possession, or which he or any accomplices used.

    5. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

    Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

    6. **Sentencing**. The parties to this agreement agree that your client's sentence for the offense of Aggravated Identity Theft will be determined by the provisions of 18 U.S.C. § 1028A(a) and (b). Title 18, Section 1028A(a)(1) provides that your client shall "be sentenced to a term of imprisonment of 2 years." Your client understands and agrees that a 2 year sentence of imprisonment shall be imposed in this case.

    If your client continues to accept responsibility for his criminal conduct and to assist authorities in the investigation and prosecution of his criminal conduct, commits no other criminal acts, and complies with the terms and conditions of this agreement, then the United States will not oppose a 2 level reduction of the defendant's offense level pursuant to §3E1.1(a).

    Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. The

defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the USAO in this agreement. The defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

7. **Deportation**. Your client agrees and understands that he will be deported from the United States at the conclusion of these criminal proceedings and any related sentence. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or U.S. Immigration and Customs Enforcement shall constitute a breach of this plea agreement.

8. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in the federal charge. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

The government and your client agree that the government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement.

9. **Interpreter**. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement and related documents for your client into your client's native language. If no such request is made, then the defendant hereby declares that he understands the English language sufficiently well to read and understand this plea agreement.

10. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be

free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

11. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement.

12. **No other agreements**.  No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely yours,

*/s/ Kenneth L. Wainstein*
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

*/s/ Steven B. Wasserman*
STEVEN B. WASSERMAN
Assistant United States Attorney

## Defendant's Acceptance

I have ~~read~~ *had* this plea agreement *read to me* and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am guilty of the criminal offense to which I am entering a guilty plea.

04/03/06
Date

*/s/ Ricardo Romero-Martinez*
RICARDO ROMERO-MARTINEZ
Defendant

## Defense Counsel's Acknowledgment

I am Ricardo Romero-Martinez's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

4/3/06
Date

*/s/ Tony Axam*
TONY AXAM, ESQ.
Counsel for Ricardo Romero-Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO.: 05-459 (RBW) |
| v. | : |
| | : VIOLATION: |
| **RICARDO ROMERO-MARTINEZ,** | : |
| a.k.a. Alex LNU, King Kong | : |
| | : 18 U.S.C. § 1028A(a) |
| **Defendant.** | : (Aggravated Identity Theft) |

### FACTUAL PROFFER
### IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have presented if this matter had gone to trial. The facts presented below show, beyond a reasonable doubt, that defendant Ricardo Romero-Martinez, a.k.a. Alex LNU, a.k.a. King Kong (hereinafter, "Romero-Martinez" or "defendant") committed the offense of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

#### Aggravated Identity Theft

The defendant is a Mexican national who entered the United States illegally through California in 2005. The defendant subsequently came to Washington, D.C., where he began selling false alien registration cards, employment authorization cards and social security cards (collectively, "identity documents") in the 1700 block of Columbia Road, N.W. ("Columbia Road"). Real identity documents are prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States.

The defendant was one member of an organized group of individuals who conspired together

to manufacture, possess and sell illegal identity documents. The defendant conspired with other members of the organization to sell illegal identity documents. The defendant was one of the men responsible for selling the illegal identity documents on Columbia Road.

On July 28, 2005, the defendant sold one fake alien registration card and one fake social security card to an undercover law enforcement officer (UC). This transaction was recorded on audio and videotape. On January 22, 2006, federal agents went to 1707 North Capitol Road, NE, Washington, DC and arrested a number of individuals who were suspected of selling illegal identity documents. The defendant was one of the individuals who was arrested. After his arrest, the defendant admitted to law enforcement that he was involved in selling false identity documents.

The Social Security Administration has determined that the social security number on the fake social security card the defendant sold to the UC belongs to a real person other than "Kolawole Ajao Bankole," which was the false name the UC provided to the defendant. Accordingly, the defendant knowingly possessed and transferred the fake social security card sold to the UC, and therefore transferred and possessed the means of identification of a real person, without the lawful authority to transfer and possess that information. His transfer and possession of that fraudulent social security card occurred during and in relation to another fraud offense, that is, Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States, in violation of Title 18, United States Code, Section 1546(a).

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to this offense. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the aforementioned offense, which is charged in the indictment.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

STEVEN B. WASSERMAN
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.   Room #4241
Washington, DC 20530
(202) 307-0031; Fax: 353-9414
Bar # 453-251

3

**Defendant's Acceptance of Factual Proffer**

I have ~~read~~ had this Factual Proffer in Support of Guilty Plea, read to me and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Factual Proffer and all matters relating to it. I fully understand this Factual Proffer and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Factual Proffer fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

04/03/06
Date

_____
RICARDO ROMERO-MARTINEZ
Defendant


**Defense Counsel's Acknowledgment**

I am Ricardo Romero-Martinez's attorney. I have reviewed every part of this Factual Proffer in Support of Guilty Plea with him. It accurately and completely sets forth the Factual Proffer agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

4/3/06
Date

_____
TONY AXAM, Esq.
Counsel for Ricardo Romero-Martinez

4