# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

RICARDO ROMERO MARTINEZ aka ALEX LNU

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR 05-459

**FILED**

JUL 7 2006

Tony Axam
Defendant's Attorney

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to Count 2 of the Indictment on April 3, 2006. All remaining counts are dismissed by the Government.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 18 USC 1028A(a)(1) and (c)(7) | Aggravated Identity Theft | About July 28, 2005 | 2 |

As pronounced on June 28, 2006, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the 6th day of _____July_____, 2006.

The Honorable Reggie B. Walton

Defendant's Soc. Sec. No.: XXX-XX-0000
Defendant's Date of Birth: XX-XX-76
Defendant's USM No.: 28450-016
Defendant's Residence and Mailing Address:

Defendant: RICARDO ROMERO MARTINEZ aka ALEX LNU                    Judgment - Page 2 of 4
Case Number: CR 05-459

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWO (2) years on Count 2.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be permitted to serve term in a federal facility near the Mexican Border to maintain contact with family.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
        Deputy Marshal

Defendant: RICARDO ROMERO MARTINEZ aka ALEX LNU                    Judgment - Page 3 of 4
Case Number: CR 05-459

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) year.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.      The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1.      You will not leave the judicial district without permission of the Court or probation officer.
2.      You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3.      You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4.      You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5.      You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.      You will notify the probation officer at least ten days prior to any change of residence or employment.
7.      You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8.      You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9.      You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10.     You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11.     You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12.     As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13.     You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

The defendant shall provide a DNA sample.

The defendant shall cooperate with the government's effort to have him deported from the United States.

The defendant shall not re-enter the United States without proper authorization from the United States government.

The Court finds that the defendant does not have the ability to pay a fine, or costs, of incarceration or supervision.

Defendant: RICARDO ROMERO MARTINEZ aka ALEX LNU                    Judgment - Page 4 of 4
Case Number: CR 05-459

### CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for Count 2, which shall be due immediately.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.